UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
**FRANKIE D. ADAMS,**              )        **CIVIL ACTION**
     **Plaintiff**                       )        **NO:**
                                        )
**VS.**                                     )
                                        )
**EASTERN FISHERIES, INC.,**     )
**ROY ENOKSEN, O'HARA CORP.,**  )
**and FUTURE FISHERIES, INC.**    )
_____)

**PLAINTIFF'S COMPLAINT**

**AND DEMAND FOR JURY TRIAL**

NOW COMES the Plaintiff, Frankie D. Adams, and for his Complaint states as follows:

**PARTIES**

1.    The Plaintiff in this action, Frankie D. Adams, is a United States citizen, and a resident of Stella, North Carolina.

2.    Defendant, Eastern Fisheries, Inc. is a Corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business in the City of New Bedford, Bristol County, Commonwealth of Massachusetts.

3.    Defendant Roy Enoksen is a resident of Mattapoisett, Bristol County, Commonwealth of Massachusetts.

4.    Defendant, O'Hara Corp, is a Corporation duly organized and existing under the laws of the State of Maine with a principal place of business in Rockland, State of Maine. O'Hara Corp. merged with and assumed all assets and liabilities of Constellation Fisheries, Inc., a corporation

1

formerly organized under the laws of the Commonwealth of Massachusetts with a former principal place of business in the City of New Bedford, Bristol County, Commonwealth of Massachusetts.

5.      Defendant, Future Fisheries, Inc. is a Corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with a principal place of business in the City of New Bedford, Bristol County, Commonwealth of Massachusetts.  Defendant Future Fisheries, Inc. merged with and assumed all assets and liabilities of Nordic Fisheries, Inc., a corporation formerly organized under the laws of the Commonwealth of Massachusetts with a former principal place of business in the City of New Bedford, Bristol County, Commonwealth of Massachusetts.

## FACTS COMMON TO ALL COUNTS

6.      At all relevant time periods the Plaintiff, Frankie D. Adams, was a qualified handicapped person within the meaning of M.G.L. Chap. 151B Sec. 1.

7.      At all relevant time periods Defendant, Eastern Fisheries Inc. was an employer, an agent of an employer, and/or an employment agency within the meaning of M.G.L. Chap. 151B Sec. 1.

8.      At all relevant time periods Defendant, Roy Enoksen was an employer, an agent of an employer, and/or an employment agency within the meaning of M.G.L. Chap. 151B Sec. 1.

9.      At all relevant time periods Defendant, O'Hara Corp. was an employer within the meaning of M.G.L. Chap. 151B, Sec. 1.

10.     At all relevant time periods Constellation Fisheries, Inc. was an employer within the meaning of M.G.L. Chap. 151B, Sec. 1.

11.     At all relevant time periods Defendant, Future Fisheries, Inc. was an employer within the meaning of M.G.L. Chap. 151B, Sec. 1.

12.     At all relevant time periods Nordic Fisheries was an employer within the meaning of M.G.L. Chap. 151B, Sec. 1.

13.     In July 2010, the Plaintiff filed a timely complaint with the Massachusetts Commission Against Discrimination alleging a claim of unlawfull handicap discrimination against the Defendants based upon the facts alleged within this Complaint.

## STATEMENT OF SUBJECT MATTER JURISDICTION

14.     This is a civil rights action brought by a qualified handicapped person based on unlawful discrimination on the basis of disability by the Defendants in their capacity as employers, agents of employers, and/or employment agents.

15.     The unlawful disability discrimination was perpetrated by the Defendants against the Plaintiff, in violation of M.G.L. Chapter 151B, Section 1, et seq.

16.     The Defendant's unlawful practices were committed within the Commonwealth of Massachusetts.

17,     This Court has Jurisdiction over this matter because the parties to this action are of diverse citizenship within the meaning of 28 U.S.C. 1332, and the amount in controversy exceeds seventy five thousand dollars ($75,000.00).

## FACTUAL ALLEGATIONS

18.     From 1996 to the present Eastern Fisheries, Inc. operated, managed, controlled and served as an employment agency for approximately 23 commercial fishing vessels which were owned by corporations related to Eastern Fisheries, Inc., and which constituted the Eastern Fisheries Fleet. The corporations which owned the vessels within the Eastern Fisheries Fleet and who issued paychecks to the crew are Future Fisheries, Inc., Nordic Fisheries, Inc., O'Hara Corporation, and Constellation Fisheries, Inc.

19.     During the year 2009 and continuing to the present, Roy Enoksen has been the President of Eastern Fisheries and in addition Roy Enoksen has been an officer and/or director of each of the four corporations that own the vessels and issue paychecks to the crewmembers of the fishing vessels making up the Eastern Fisheries Fleet.  All the vessels within the Eastern Fisheries Fleet fish out of the Port of New Bedford, MA.  Eastern Fisheries, Inc. and all of the corporations which own the vessels within the Eastern Fisheries Fleet are operated out of a place of business located at 14 Hervey Tichon Ave, New Bedford, MA.

20.     From 1996 through 2007 the Plaintiff was hired by and worked under the direction of Roy Enoksen and Eastern Fisheries as a captain of various commercial fishing vessels within the Eastern Fisheries Fleet.  In April 2007 the Plaintiff was diagnosed with brain cancer for which he was hospitalized, underwent surgery and other forms of cancer treatment.  As a result of his brain cancer Plaintiff was disabled from April 2007 through August 2007 and was unable to work during this time as a commercial fishing vessel captain.  In April 2007 Roy Enoksen and Eastern Fisheries, Inc. was made aware of Plaintiff's brain cancer and inability work and as a result Plaintiff's first mate temporarily replaced him as captain.

21.     In approximately September 2007 the Plaintiff returned to work as captain of a commercial fishing vessels within the Eastern Fisheries Fleet and was employed in this capacity until January 2008.  In January of 2008 the Plaintiff was diagnosed with a recurrent brain cancer, resulting in an additional period of disability.  Shortly thereafter Plaintiff notified Roy Enoksen and Eastern Fisheries of his recurrent brain cancer and expected disability resulting in my position as captain being again temporarily filled by my 1st Mate.

22.     From January 2008 through July 2009 Plaintiff underwent radiation and chemotherapy treatment for my brain cancer.  As a result of his recurrent brain cancer and the resulting cancer

4

treatment the Plaintiff became disabled and was unable to perform his job as captain from January 2008 through July 2009.  As a complication of his cancer treatment the Plaintiff developed problems with his hip resulting in a surgical total hip replacement in April 2009.

23.     In July of 2009 the Plaintiff was advised by his doctor that the brain cancer was under control and that he was medically and physically capable of returning to full time employment without restrictions.  In July 2009 Plaintiff's treating doctor signed a medical clearance certificate documenting that I was medically and physically capable of returning to full time employment without restrictions.  In the late summer of 2009 Plaintiff told other fishermen within the Eastern Fisheries Fleet that his cancer was under control, that he had been medically cleared to return to work and that he intended to return to work as a fisherman with Eastern Fisheries sometime in the near future.

24.     During the mid-fall of 2009, Roy Enoksen and Eastern Fisheries, Inc. was made aware that Plaintiff wanted to be re-employed as a fisherman within the Eastern Fisheries Fleet for the fishing season starting in winter of 2010.

25.     On December 21, 2009 the Plaintiff went to Eastern Fisheries, Inc. office in New Bedford and spoke to Roy Enoksen.  Plaintiff asked Mr. Enoksen for a job working on vessels within the Eastern Fisheries Fleet starting at the beginning of the 2010 fishing season.  Roy Enoksen told Plaintiff that given his history of brain cancer and a total hip replacement that he did not think Plaintiff was strong enough or healthy enough to do his job and that he couldn't take the risk or liability that Plaintiff would be crippled.  Roy Enoksen stated that it was a young man's job and that he did not believe Plaintiff was up to it.  Roy Enoksen stated that he would not hire Plaintiff to work on the vessels within the Eastern Fisheries Fleet.  Plaintiff told Mr. Enoksen that his brain cancer was under control, that he was healthy enough to return to work and that he had a

medical clearance from his doctor. Plaintiff asked Mr. Enoksen if he wanted to see the medical clearance signed by his doctor. Mr. Enoksen said no he did not.

26. On January 7, 2010 Plaintiff attended an appointment with the orthopedic surgeon who replaced his hip. In light of Mr. Enoksen's comments during the above December meeting, Plaintiff requested and received a signed medical clearance from his orthopaedic surgeon clearing me to return to work without restrictions. On January 19th or 20th Plaintiff called the Eastern Fisheries office in New Bedford, and asked to speak to Roy Enoksen. Plaintiff was advised that Mr. Enoksen was not in the office and was switched to Mr. Enoksen's voice-mail answering machine. Plaintiff left a voice mail for Mr. Enoksen saying that he had gotten a written clearance to return to work from his orthopedic surgeon and asked Mr. Enoksen to call him. On January 19th or 20th Mr. Enoksen returned Plaintiff's telephone call. During this January 19th or 20th, 2010 telephone call, Roy Enoksen told Plaintiff that he was not going to get a job with the Eastern Fisheries Fleet.

27. None of the Defendant's hired the Plaintiff to work on any of the vessels within the Eastern Fisheries Fleet for the 2010 scallop fishing season which began in March of 2010, nor have any of the Defendant's offered the Plaintiff employment as a commercial fisherman since March of 2010.

## COUNT I.

Frankie Adams vs. Eastern Fisheries, Inc.

28. Defendant, Eastern Fisheries, Inc.'s refusal to re-hire the Plaintiff or even consider hiring the Plaintiff as described above was based upon the knowledge that Plaintiff had been diagnosed

and treated for brain cancer and recurrent brain cancer and his having undergone a total hip replacement surgery.

29. Defendant, Eastern Fisheries, Inc.'s, conduct in refusing to hire Plaintiff or even consider hiring Plaintiff constitutes unlawful and knowing discrimination on the basis of a disability handicap as defined and prohibited by Massachusetts General Laws, Chapter 151B.

30. As a result of Eastern Fisheries, Inc.'s, unlawful disability handicap discrimination, the Plaintiff sustained compensable damages in excess of $75,000, including without limitation, a loss of past and future earnings and other economic and non-economic damages.

WHEREFORE, the Plaintiff, Frankie Adams, demands judgment against the Defendant, Eastern Fisheries, Inc. for compensable, multiple and punitive damages in the amount of $2,000,000.00 together with interest, costs and attorney's fees.

## COUNT II.

Frankie Adams vs. Roy Enoksen

31. Defendant, Roy Enoksen's refusal to re-hire the Plaintiff or even consider hiring the Plaintiff as described above was based upon the knowledge that Plaintiff had been diagnosed and treated for brain cancer and recurrent brain cancer and his having undergone a total hip replacement surgery.

32. Defendant, Roy Enoksen's, conduct in refusing to hire Plaintiff or even consider hiring Plaintiff constitutes unlawful and knowing discrimination on the basis of a disability handicap as defined and prohibited by Massachusetts General Laws, Chapter 151B.

33. As a result of Defendant, Roy Enoksen's, unlawful disability handicap discrimination, the Plaintiff sustained compensable damages in excess of $75,000, including without limitation, a loss of past and future earnings and other economic and non-economic damages.

WHEREFORE, the Plaintiff, Frankie Adams, demands judgment against the Defendant, Roy Enoksen. for compensable, multiple and punitive damages in the amount of $2,000,000.00 together with interest, costs and attorney's fees.

### COUNT III.

Frankie Adams vs. O'Hara Corp.

34. Defendant, O'Hara Corp's refusal to re-hire the Plaintiff or even consider hiring the Plaintiff as described above was based upon the knowledge that Plaintiff had been diagnosed and treated for brain cancer and recurrent brain cancer and his having undergone a total hip replacement surgery.

35. Defendant, O'Hara Corp's conduct in refusing to hire Plaintiff or even consider hiring Plaintiff constitutes unlawful and knowing discrimination on the basis of a disability handicap as defined and prohibited by Massachusetts General Laws, Chapter 151B.

36. As a result of Defendant O'Hara Corp.'s unlawful disability handicap discrimination, the Plaintiff sustained compensable damages in excess of $75,000, including without limitation, a loss of past and future earnings and other economic and non-economic damages.

WHEREFORE, the Plaintiff, Frankie Adams, demands judgment against the Defendant, O'Hara Corp. for compensable, multiple and punitive damages in the amount of $2,000,000.00 together with interest, costs and attorney's fees.

### COUNT IV.

Frankie Adams vs. Future Fisheries, Inc.

37. Defendant, Future Fisheries, Inc.'s refusal to re-hire the Plaintiff or even consider hiring the Plaintiff as described above was based upon the knowledge that Plaintiff had been diagnosed

and treated for brain cancer and recurrent brain cancer and his having undergone a total hip replacement surgery.

38. Defendant, Future Fisheries, Inc.'s, conduct in refusing to hire Plaintiff or even consider hiring Plaintiff constitutes unlawful and knowing discrimination on the basis of a disability handicap as defined and prohibited by Massachusetts General Laws, Chapter 151B.

39. As a result of Future Fisheries, Inc.'s, unlawful disability handicap discrimination, the Plaintiff sustained compensable damages in excess of $75,000, including without limitation, a loss of past and future earnings and other economic and non-economic damages.

WHEREFORE, the Plaintiff, Frankie Adams, demands judgment against the Defendant, Future Fisheries, Inc. for compensable, multiple and punitive damages in the amount of $2,000,000.00 together with interest, costs and attorney's fees.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS RAISED IN THIS COMPLAINT.**

Respectfully submitted for
the Plaintiff, Frankie Adams,
by his attorneys,

/s/ David F. Anderson
David F. Anderson, BBO 560994
Latti & Anderson LLP
30-31 Union Wharf
Boston, MA 02109
(617) 523-1000

Dated: 02-21-2012