UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FRANKIE D. ADAMS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. 12-cv-12394-IT |
| | * | |
| EASTERN FISHERIES, INC., et al., | * | |
| | * | |
| Defendants. | * | |

ORDER

June 30, 2015

TALWANI, D.J.

On June 24, 2015, Defendants filed a Motion to Amend Witness List [#151] to add Dave Ferreira ("Ferreira"). Defendants explain that Ferreira's name was provided to Plaintiff pursuant to Fed. R. Civ. P. 26(a)(1)(i) as an individual likely to have discoverable information, but that Defendants did not foresee needing his testimony at trial until recently. See Mot. Amend Witness List ¶¶ 1, 3. Defendants state that they now seek Ferreira's testimony because: (1) they recently discovered that an individual expected to testify on the same subject, who was on Defendants' witness list, is unavailable for trial; and (2) after the court's ruling on motions *in limine*, Defendants now understand that Ferreira's testimony is necessary. See id. ¶¶ 5-6.

Plaintiff opposes this motion on the ground that, despite the requirement of Fed. R. Civ. P. 26(e) that a party supplement their initial disclosures in a timely manner, Defendants did not provide contact information for Ferreira until June 24, 2015. See Pl.'s Opp'n Defs.' Mot. Amend Witness List & Mot. Reconsider 3 [#152] [hereinafter Opp'n]. Moreover, Plaintiff argues that Defendants never identified Ferreira by his given name—"David Alan Ferreira"—but rather by the name "Dave," making it difficult for Plaintiff to locate him. Id. at 2. Plaintiff states

that as a result he has been unable to depose the witness.  Finally, Plaintiff asserts that he believes that Defendants seek to have Ferreira testify because he is biased in favor of Defendants, given the temporal proximity between Ferreira's employer, Tempest Seafood, and the Defendants' place of business.  Id. at 4.

Fed. R. Civ. P. 37(c)(1) states that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness . . . at a trial, unless the failure was substantially justified or is harmless."  Rule 37(c)(1)(A)-(C) further provides that the court may, "in addition to or instead of" excluding the witness, "impose other appropriate sanctions."

In this case, the court finds Defendants' late addition of Ferreira substantially justified by the recent discovery that another witness, properly disclosed on Defendants' witness list, will be unavailable for trial.  Moreover, the court notes that the alleged relationship between Tempest Seafood and Defendants does not create a presumption of bias.  Plaintiff attaches a police report to his opposition which states that Plaintiff's injury, which is the subject of Ferreira's testimony, occurred at the Tempest Seafood dock.  See Opp'n at Ex. D.  Accordingly, the court does not find it unusual or indicative of bias that a Tempest Seafood employee would testify regarding this injury.  Nonetheless, the potential bias of a witness may be explored on cross-examination.  Accordingly, Defendants' Motion to Amend Witness List [#151] is ALLOWED.

So as to further ensure that that the late addition of Ferreira does not prejudice Plaintiff, the court will allow Plaintiff to take Ferreira's deposition on shortened notice.  Defendants shall assist Plaintiff in obtaining Ferreira's attendance at the deposition.  Pursuant to the court's discretionary authority to award appropriate sanctions for late disclosure of witnesses, the court orders that the cost for service of a deposition subpoena and the additional costs for expediting

the transcript of this deposition be paid by Defendants.  See Fed. R. Civ. P. 37(c)(1)(C).

    IT IS SO ORDERED.

June 30, 2015                                                                          /s/ Indira Talwani
                                                                                   United States District Judge